UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JASON LEE SUTTON,<br><br>    Plaintiff,<br><br>    v.<br><br>PIERCE COUNTY SHERIFF PAUL PASTOR, CHAPLAIN RICHARD ODEGARD, AND RABBI GARY FRIEDMAN,<br><br>    Defendants. | Case No.  C07-5327RBL/JKA<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**March 7, 2008** |

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Before the court is plaintiff's motion for default as to defendants Pastor and Odegard, (Dkt # 18).  Also before the court is defendants Pastor and Odegard's motion to dismiss for lack of service of process, and for failure to state a claim (Dkt. # 21).  Having reviewed the entire file in this case the court recommends that defendant Pastor's motion to dismiss be GRANTED, that defendant Odegard's motion to dismiss be DENIED.  Further, although defendant Odegard is in default, he should be given ten days from entry of an order on this Report and Recommendation to file an answer as the default is suspended while a Rule 12 motion to dismiss is pending.

FACTS

Plaintiff filed this action July 3, 2007, (Dkt. # 1).  He alleges he was denied the religious diet of his

choice. (Dkt. # 7, complaint). Plaintiff was granted *in forma pauperis* status August 13, 2007, (Dkt # 4). On August 24, 2007, an order directing the United States Marshals attempt to serve the complaint by mail was entered (Dkt # 12). Twenty-seven days later, on September 20, 2007, Attorney Kawyne Lund entered a notice of appearance for defendants Pastor and Odegard (Dkt # 14). This notice states the defendants do not waive, among other things, the questions of:

    1. Lack of jurisdiction over the subject matter;

    2. Lack of jurisdiction over the person;

    3. Improper venue;

    4. Insufficiency of process;

    5. Insufficiency of service of process;

    6. Failure to state a claim upon which relief can be granted;

    7. Failure to join a party under Rule 19.

(Dkt. # 14). Defendants did not file any motion contesting service or take any other action in this case.

On December 28, 2007, plaintiff moved for default against defendants Pastor and Odegard (Dkt # 18). Plaintiff noted that defendant Friedman's service packet had been return un executed. Packets sent to Paul Pastor and Richard Odegard were not returned. Prior to the noting date, when the court would consider plaintiff's motion, defendants Pastor and Odegard filed a motion to dismiss for lack of service of process and for failure to state a claim (Dkt. # 21).

While the conclusion in the defendant's motion lists lack of jurisdiction over the person, insufficiency of process, and insufficiency of service of process, there is no argument in the motion itself that explains to the court or plaintiff why service by mail was inadequate. Instead, the defendants argue a number of points:

    1.    That the status of case is confusing because of other filings by this plaintiff,

    2.    That default should be denied because defendant Friedman was not served,

    3.    That there are no allegations against the Sheriff personally, and respondeat superior cannot form the basis for liability.

    4.    That claims of negligence fail to state claim.

    5.    That the defendants are entitled to qualified immunity.

    6.    That plaintiff's claims fail as a matter of law because of the policy of judicial restraint, and because defendants inquired as to the sincerity of plaintiff's beliefs. Defendants assert it is appropriate to deny a special diet if the inmate is

1           not sincere in his beliefs.

2  (Dkt. # 21).

## DISCUSSION

As the court's jurisdiction appears to be at issue, it is appropriate to address that issue first, and then address defendant's arguments raised and briefed in the motion to dismiss (Dkt # 21).

     1.     Subject matter jurisdiction.

This complaint was filed on a prisoner complaint form used for civil rights cases. The court's jurisdiction is based on 28 U.S.C. 1331. Further the complaint alleges a violation of plaintiff's right to practice his religion. Thus, plaintiff's First Amendment rights and the Religious Land Use and Institutionalized Persons Act, RLUIPA are implicated. The court has subject matter jurisdiction.

     2.     Default should be denied because Mr. Friedman was not served.

Plaintiff does not move for default against defendant Friedman. He seeks default against two persons who were sent service packets where those packets were not returned. Defendants argue "[b]y Plaintiff's own request for extension, he concedes he has not obtained proper service over all dispensable parties and therefore cannot seek default judgment because it is apparent the Court lacks jurisdiction over Plaintiff's claims and all listed defendants." This argument is made without citation to authority and the court is not aware of any authority for the proposition that it is improper to enter default against one defendant while allowing the case to continue as to others.

     3.     Venue.

The incidents alleged in the complaint occurred in Pierce County Washington. This court has jurisdiction over federal actions in that geographic area. See, Local Rule 5 (e) (1).

     4.     Service of Process, sufficiency of service, and defendants motion to dismiss.

Service packets were mailed to defendants Pastor and Odegard. Neither packet was returned. Defendants entered a notice of appearance twenty seven days after the order to serve was entered. This indicates to the court that the defendants received the service packets (Dkt # 12 and 14).

Even if the packets were not received, Federal Rule of Civil Procedure 4 (m) indicates that if service of a summons and complaint is not made within 120 days of filing the court shall dismiss without prejudice unless the plaintiff can show good cause why service was not made within that time. Ignorance of the rules

REPORT AND RECOMMENDATION
Page - 3

is not good cause. Townsel v. County of Contra Costa, 820 F.2d 319, 320 (9th Cir.1987). The above analysis and a plain reading of the rule would appear to indicate that dismissal without prejudice is in order, but the standard of review is abuse of discretion which indicates the Court has discretion in deciding if dismissal is proper. Wei v. State of Hawaii, 763 F.2d 370, 371 (9th Cir. 1985).

The 9th Circuit has indicated that failure to comply with the service requirements does not mandate dismissal and the rule should be given liberal and flexible construction as long as the defendant receives sufficient notice of the complaint. United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984). Failure to follow technical requirements does not warrant dismissal where "(a) the party that had to be served personally received actual notice, (b) the defendants would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed." Borzeka v. Heckler, 739 F.2d 444, 447 (9th Cir. 1984).

Defendants do not argue that they did not receive service packets in this case. Indeed, other that raising the issue, they make no argument at all (Dkt. # 21). Plaintiff has been granted *in forma pauperis* status. This grant waives the filing fee and places the burden of serving process on the court and law enforcement.

The first issue is whether the party that had to be served personally received actual notice. There can be no serious contention that the defendants did not receive actual notice of this action. The notice of appearance on their behalf indicates otherwise.

The second issue is whether the defendant would suffer any prejudice from the alleged defect in service. There is no prejudice to these defendants. The defendants should have been aware of this action since early September 2007.

The third issue is whether there is justification for failure to serve. Plaintiff was granted leave to proceed *in forma pauperis.* The duty to serve this action is not his. Plaintiff cannot and will not be faulted for any defect in service in this case.

The final factor in this case weighs against dismissal. If this action were dismissed plaintiff would be forced to pay a second filing fee. Defendants motion to dismiss for lack of service should be **DENIED.**

     5.     Plaintiff's motion for default.

REPORT AND RECOMMENDATION
Page - 4

     Default judgments are disfavored by the law and cases should be decided on their merits except in extreme cases. <u>Mendoza v. Wight Vineyard Management</u>, 783 F.2d 941, 945-46 (9th Cir. 1986). Here, the defendants, have filed a motion to dismiss and go beyond arguing jurisdiction and address the complaint on the merits (Dkt # 21). Fed. R. Civ. P. 12 (a)(4)(A) grants defendants ten days after the court denies a motion to dismiss to file an answer. Thus, the motion to dismiss gives defendants an opportunity to cure the default. An answer must be filed within ten days of the District Court's order adopting or rejecting this Report and Recommendation. If the case survives and an answer is not filed within ten days the court should enter default against defendant Odegard. As discussed below, the court believes defendant Pastors motion to dismiss for failure to state a claim should be granted. Plaintiff's motion for default should be **DENIED.**

     6.     <u>Defendant's motion to dismiss for failure to sate a claim</u>.

     A court should dismiss a claim under Fed. R. Civ. P. 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief. <u>Keniston v. Roberts</u>, 717 F.2d 1295, 1300 (9th Cir. 1983), <u>citing</u>; <u>Conley v. Gibson</u>, 355 U.S. 41, 45-56 (1957). Dismissal for failure to state a claim may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. <u>Balistreri v. Pacifica Police Department</u>, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. <u>Keniston v. Roberts</u>, 717 F.2d 1295 (9th Cir. 1983).

     A.     <u>Defendant Pastor</u>.

     Liability in a civil rights action is based on personal participation. Plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. <u>Arnold v. IBM</u>, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. <u>Monell v. New York City Dept. of Social Services</u>, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. <u>Padway v. Palches</u>, 665 F.2d 965 (9th Cir. 1982). The court has reviewed the complaint. There are no facts in the complaint showing defendant Pastor having taken any action with regard to plaintiff's request for a religious diet (Dkt. # 7). While defendant Pastor may have been a properly named defendant for injunctive relief at the time the complaint was filed, plaintiff is no longer in custody at the Pierce

County Jail. Plaintiff now lacks standing to seek any form of injunctive relief. The court takes judicial notice that plaintiff has filed a change of address and is now housed at the Washington State Penitentiary. In order to seek any form of injunctive relief the plaintiff must have standing. Mr. Sutton has been transferred from the Pierce County Jail. The concept of standing has been carefully analyzed in the Ninth Circuit. To have standing plaintiffs' threat of irreparable injury must be real and immediate, not conjectural or speculative. Nelsen v. King County, 895 F.2d 1248 (9th Cir. 1990). As Mr. Sutton no longer has standing to seek injunctive relief. Defendant Pastor's motion to dismiss for failure to state a claim should be **GRANTED.**

      B.    <u>Defendant Odegard</u>.

      1    <u>Sufficiency of the complaint</u>.

Plaintiff alleges defendant Odegard is the person who denied his requests for religious diet (Dkt # 7). Plaintiff also alleges he had a Rabbi write to defendant Odegard to inform him that the plaintiff had converted to Judaism (Dkt. # 7). Plaintiff alleges his faith requires him to eat a "Kosher" diet. At the 12 (b) (6) stage the court assumes the facts to be true. Plaintiff has pled a prima facie case that survives a motion to dismiss.

      2.    <u>Failure to state a claim based on negligence</u>

Defendants argue that a claim of negligence fails to state a claim. This argument ignores the facts pled in the complaint. Plaintiff does not claim the defendant forgot to place his name on a list or was otherwise negligent in obtaining the diet in question. Plaintiff alleges he requested a diet mandated by his faith and that this defendant refused the request and determined he was not entitled to the diet. Thus, the court is dealing with an allegedly deliberate decision not to provide a "Kosher" diet.

      3.    <u>Qualified immunity</u>.

Defendants adequately set forth the law regarding the defense of qualified immunity. They state:

> It is well settled that a public official who performs a discretionary function enjoys qualified immunity in a civil action for damages, provided that his or her conduct does not violate clearly established federal statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Thus, qualified immunity "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Burns v. Reed*, 500 U.S. 478, 480 (1991).
>
> The Supreme Court established a two-part test for determining whether an official is entitled to qualified immunity. First, the Court must determine whether the facts, when taken in the light most favorable to the plaintiff, demonstrate that the defendant's conduct violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Cruz v Kauai County*, 279 F.3d 1064 (9th Cir. 2002); *Boyd v Benton County*, 374 F.3d 773 (9th Cir. 2004). Then, if a violation is articulated, the Court must ascertain whether the constitutional right at issue was "clearly established" at the time of the alleged violation. *Saucier*, 533 U.S. at 201; Cruz at

REPORT AND RECOMMENDATION
Page - 6

1    1069.

2  (Dkt. # 21, pages 4 and 5).  Prior to 2007, many courts have held prison officials have some duty to

3  accommodate an inmates religious beliefs.  The Supreme Court recognized this duty and held that a limitation

4  on an inmate's religious rights was valid if the limitation furthered a legitimate government interest.  O'Lone v

5  Estate of Shabazz, 482 U.S. 342 (1983).

6    Congress then passed the Religious Land Use and Institutionalized Persons Act, RLIUPA.  In 2003 the

7  Fourth Circuit addressed RLIUPA, and "Kosher" diets.  Madison v Riter, 355 F.3d 310 (4th Circuit 2003).  In

8  that case an inmate requested a Kosher diet and prison officials denied the request for a variety of reasons

9  including questioning the sincerity of plaintiff's beliefs.  Madison v Riter, 355 F.3d at 310.  The court upheld

10  the constitutionality of RLIUPA in that case.  The case was remanded for further proceedings.

11    The court finds the law clearly established in 2007, that an inmate has a right to a religious diet unless

12  there is a compelling government reason to deny the request.  Further, the court uses a least restrictive

13  alternative analysis.  This is not a return to the least restrictive alternative test set forth in Procunier v. Martinez,

14  416 U. S. 396 (1974).  Rather, it is a test that gives deference to prison officials and considers the four factors

15  set forth in Turner v Safley, 482 U.S. 78 (1983); and O'Lone v Estate of Shabazz, 482 U.S. 342 (1983).  The

16  Supreme Court has considered RULIPA and held the act does not eliminate the deference given to prison

17  administrators who are charged with running state institutions.  Cutter v. Wilkinson, 544 U.S. 709 (2005).

18  Both the Supreme Court and Congress have indicated RLUIPA must be applied as follows:

19  > [W]ith "due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and
20  > discipline, consistent with consideration of costs and limited resources."

21  Cutter, 125 S.Ct. At 2123 (quoting Joint Statement S7775 (quoting S. Rep. No. 103-11, p. 10 (1993),

22  U.S. Code Cong. & Admin. News 1993, pp. 1892, 1899, 1900)).

23    Defendant Odegard claims he denied plaintiff's request for a "Kosher" diet because plaintiff was not

24  sincere in his beliefs, and the items plaintiff was observed to eat and buy were not consistent with his claim to

25  be Jewish (Dkt # 21, page 6). Defendant Odegard would be entitled to qualified immunity if he could believe

26  his action constitutional given the fact known to him at the time he acted.  Act Up!/Portland v. Bagley, 988 F

27  2d, 868 (9th Cir. 1993). This argument, however, takes the court beyond the sufficiency of the complaint and is

28  not appropriate at the 12 (b)(6) stage.

REPORT AND RECOMMENDATION
Page - 7

1    Defendants mention in the caption of their motion to dismiss that they are also bring the motion
2 pursuant to Fed. R. Civ. P 12 (c).  The rule allows for a motion to dismiss "after the pleadings are closed."  No
3 answer has been filed in this action and the pleadings are not closed.  The court should not consider a 12 (c)
4 motion from a defendant that has not filed an answer.  Further, if the court were to consider this motion on the
5 merits, it would again contain information not in the pleadings and would have to be converted to a summary
6 judgment motion.  See, Fed. R. Civ. P 12 (c).  Defendants affirmative defense of qualified immunity fails at
7 this stage of the litigation.

8    4.    The sincerity of plaintiff's beliefs.

9    Defendant's final argument is that plaintiff's claims fail as a matter of law because of the policy of
10 judicial restraint, and because defendants inquired as to the sincerity of plaintiff's beliefs.  Defendants assert it
11 is appropriate to deny a special diet if the inmate is not sincere in his beliefs. This argument goes beyond
12 testing the sufficiency of the complaint and would convert this motion to a motion for summary judgment.
13 Further, the court would need to consider affidavits or other evidence extraneous to the complaint. The
14 defendant's motion to dismiss should be **DENIED** as to defendant Odegard.

15    Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the
16 parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ.
17 P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v.
18 Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to
19 set the matter for consideration on **March 7, 2008** as noted in the caption.

    DATED this 13 day of February, 2008.


            /S/ *J. Kelley Arnold*
            J. Kelley Arnold
            United States Magistrate Judge